UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

AirFX, LLC, )
      Plaintiff, )
       )
   vs. ) 1:11-cv-803-RLY-TAB
       )
CUSTOM CYCLE CONTROL SYSTEMS, )
INC., )
      Defendant. )

**ENTRY ON DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Plaintiff, AirFX, LLC ("Plaintiff"), is the owner of U.S. Patent No. 7,559,396 B2 (the "'396 patent"), which describes a double-acting piston pneumatic cylinder suspension system for use on motorcycles. Plaintiff alleges that defendant, Custom Cycle Control Systems, Inc. ("CCCS"), manufactures and/or sells a product called the Simplified Air System that infringes the '396 patent. CCCS moves to dismiss Plaintiff's Amended Complaint under Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted and for failure to join a necessary party.

A motion to dismiss for failure to state a claim is a procedural question not pertaining to patent law, and thus, the law of the Seventh Circuit applies. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). Rule 8(a)(2) requires that

1

a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has interpreted this requirement as imposing two easy-to-clear hurdles. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct 1955, 1964, 1973 n.14 (2007) (internal citations omitted)). Applying the standard to this case, "[i]t logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357. Thus, a complaint for patent infringement need only include: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Id*. at 1356-57 (citing FED. R. CIV. P. Form 16[1] (2006)). A plaintiff asserting patent infringement need not specify each element of the claims of the asserted patent; it is sufficient if the complaint specifies the product accused of infringement and the means by which the patent is

---

[1] Under the current version of the Federal Rules of Civil Procedure, Form 16 cited in *McZeal* is now identified as Form 18.

allegedly infringed – i.e., direct literal infringement and direct infringement under the doctrine of equivalents. *Id*.

Plaintiff's Amended Complaint alleges that: (1) the court has jurisdiction over the claim, (2) Plaintiff owns the '396 patent, (3) the CCCS product infringes that patent, (4) Plaintiff provided notice to CCCS of the alleged infringement, and (5) Plaintiff is entitled to damages and an injunction. (Amended Complaint ¶¶ 3, 7-11, 15-18; Amended Complaint, Prayer for Relief). Here, CCCS complains that the Amended Complaint does not identify which CCCS product allegedly infringes the '396 patent, and fails to identify a means or theory of infringement.

The Amended Complaint defines the "CCCS product" as the Simplified Air System. (Amended Complaint ¶ 9). Accordingly, the use of the term "CCCS product" in Count I for patent infringement refers to CCCS' "Simplified Air System"; thus, it is the Simplified Air System which is the accused device. Still, the Amended Complaint contains pleading deficiencies that concern the court. First, Plaintiff failed to identify the means or theory of infringement under 35 U.S.C. § 271. The Amended Complaint merely alleges that "the CCCS product infringes the '396 [p]atent." (Amended Complaint ¶ 13). Second, Plaintiff's claim for provisional damages under 35 U.S.C. § 154(d) is at least partially defective, because it encompasses a period of time before the patent was assigned from the named inventor to AirFX. Thus, the Amended Complaint is defective either because it fails to allege that the assignment included all past damages that were allegedly incurred before Plaintiff acquired the patent, or the Amended Complaint is

defective because it fails to include a necessary party, that is, the named inventor, who is otherwise entitled to those past damages.  Third, Plaintiff failed to attach the '396 patent to the Amended Complaint; instead, he attached United States Patent No. 7,857,336 B1, entitled Air Suspension System.  The inventor of that patent, Winfield Yaple, appears to be the Winfield Yaple who is the President of CCCS.  (*Compare* Ex. A *with* Ex. B of the Amended Complaint).  Complicating matters, Plaintiff failed to respond to CCCS' motion to dismiss.  In light of these pleading deficiencies, the court finds the Amended Complaint fails to give CCCS fair notice of Plaintiff's infringement claim and the grounds upon which it rests.  The court therefore **GRANTS** CCCS' motion to dismiss (Docket # 21), and **ORDERS** the Plaintiff to file a Second Amended Complaint within fifteen (15) days of the date of this Entry.

**SO ORDERED** this  26th   day of January 2012.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Robert Ryan Morishita
MORISHITA LAW FIRM, LLC
rrm@morishitalawfirm.com

David N. Oskin
CALIBER, IP, LLC
david@caliberip.com